IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SEATTLE BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-00140 |
| | § | |
| NORA G. RAMOS, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW**, Plaintiff Seattle Bank ("Plaintiff"), and files this its *Original Complaint* against Nora G. Ramos ("Defendant"), and would respectfully show the Court as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Seattle Bank is a foreign corporation. For diversity purposes, the citizenship of a corporation is determined by the state of incorporation and the state in which its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1). Seattle Bank is incorporated in Washington and retains its principal place of business in Washington. Therefore, Seattle Bank is a citizen of Washington for diversity purposes.

2. Defendant Nora G. Ramos is a citizen of Texas and an obligor under the Loan Agreement. She may be served with process at 305 Olivia Circle, El Paso, Texas 79912-5227, or at such other place as she may be found. Summons is requested.

3. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. Due to Defendant's conduct, as alleged herein, Plaintiff has the right to foreclose upon real property which secures a debt pursuant to a security instrument. When seeking

foreclosure pursuant to a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy. *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (U.S. 1833). The total unpaid balance owed of as of December 1, 2021, was $189,387.07. Interest and fees continue to accrue. Accordingly, the amount in controversy is in excess of $75,000.00.

4. Venue is proper in this district and division, the United States District Court for the Western District of Texas, El Paso Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in El Paso County, Texas.

## II. SUMMARY OF FACTS

5. On or about June 9, 2006, Defendant Nora G. Ramos ("Borrower") executed that certain *Adjustable-Rate Note (Home Equity Conversion)* (the "Note") in the original principal amount of $202,500.00 originally payable to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B, ("Financial Freedom") and bearing interest at the rate of 6.5300% per annum. A true and correct copy of the Note is attached hereto as **Exhibit A.**

6. Concurrently with the Note, Defendant executed that certain *Adjustable-Rate Home Equity Conversion Deed of Trust* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantor, granting a security interest in certain real property and improvements located in El Paso County, Texas, commonly known as 305 Olivia Circle, El Paso, Texas 79912, and more particularly described as:

> LOT 51, BLOCK 4, OF CORONADO HILLS SECTION NO. 1, AN ADDITION TO THE CITY OF EL PASO, EL PASO COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 8, PAGE 18, OF THE PLAT RECORDS OF EL PASO COUNTY, TEXAS.

(the "Property"). The Security Instrument was recorded in the Real Property Records for El Paso County, Texas under Document No. 20060057791. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B.**

7. The Security Instrument names Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary but solely as the nominee for Freedom Financial. The Loan Agreement was subsequently assigned and transferred from MERS to Seattle Bank per certain Assignment of Deed of Trust recorded in the Real Property Records for El Paso County, Texas under Instrument No. 20200030786. A true and correct copy of the Assignment of Deed of Trust is attached hereto as **Exhibit C.**

8. Plaintiff is the current legal owner and holder of the endorsed in blank Note, and the mortgagee, as that term is defined in section 51.0001(4) of the Texas Property Code.

9. Under the terms of the Loan Agreement, the Borrower is required to occupy the Property.

10. The Loan Agreement further provides that should the Borrower fail to occupy the Property, the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement. Prior to proceed with the enforcement of the Security Instrument, the lender is required to notify and receive approval from the U.S. Secretary of Housing Department and Urban Development ("HUD") in accordance with the provisions set in the Loan Agreement.

11. Borrower has failed to occupy the Property. On April 3, 2020, Plaintiff obtained approval from Novad Management Consulting, the servicer for HUD, to accelerate the debt due to the occupancy default. A true and correct copy of the HUD Request Approval is attached hereto as **Exhibit D.**

12. On April 8, 2020, a *Mortgage Due & Payable Notification* ("Notice of Default") was sent to Borrower in accordance with section 51.002(d) of the Texas Property Code. A true and correct copy of the Notice of Default is attached hereto as **Exhibit E.**

13. The default was not cured. On July 8, 2020, a *Notice of Acceleration of Loan Maturity* ("Notice of Acceleration") was sent to Borrower at her last known address. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit F.**

14. In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### III. CAUSE OF ACTION – DECLARATORY JUDGMENT

15. The foregoing paragraphs are incorporated by reference for all purposes.

16. Plaintiff requests a declaration from this Court that it is the owner and holder of the blank endorsed Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

17. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of her failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against the Defendant for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Borrower.

## IV. CAUSE OF ACTION – NON-JUDICIAL FORECLOSURE

18. The foregoing paragraphs are incorporated by reference for all purposes.

19. Plaintiff asserts a cause of action for non-judicial foreclosure against Defendant. Plaintiff has fully performed its obligations under the Loan Agreement; however, the Borrower has failed to occupy the Property, which constitutes an event of default.

20. The Security Instrument permits Plaintiff to foreclose on the Property should there be an event of default of the Loan Agreement. Accordingly, Plaintiff seeks judgment in its favor and an order allowing non-judicial foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

21. Plaintiff has been forced to hire the undersigned attorneys to pursue this claim; Plaintiff is therefore entitled to and seeks judgment against Defendant for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Loan Agreement. Plaintiff seeks an award of attorney's fees as a further obligation on the Note and not as a money judgment against Defendant, personally.

22. All conditions precedent have been performed or have occurred.

## V. TRESSPASS TO TRY TITLE

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. Concurrent with Plaintiff acquiring all of Defendant's right, title and interest in the Property by non-judicial foreclosure, public auction, or foreclosure under Texas Rule of Civil Procedure 309, Plaintiff seeks a declaration and judgment under 28 U.S. Code § 2201, that Defendant is divested of all of her right, title and interest in the Property and that all of Defendant's right, title, and interest in the Property are vested in Plaintiff.

## VI. WRIT OF POSSESSION

25. The foregoing paragraphs are incorporated by reference for all purposes.

26. If any person occupies or claims possession of the Property after transfer of all right, title and interest in the Property by trustee's or sheriff's deed, Plaintiff requests a writ of possession against Occupant in accordance with Texas Rule of Civil Procedure 310.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final hearing, that Defendant be cited to appear and answer, and the Court enter judgment granting:

a. a declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

c. a declaration that due to a breach of the Loan Agreement, Plaintiff's lien against the Property shall be enforced by a non-judicial foreclosure or public auction; or alternatively, a judgment for judicial foreclosure; and that through the foreclosure or auction the Defendant is divested and Plaintiff is vested with all of the right, title, and interest to the Property;

d. a writ of possession against any Occupant of the Property who fails or refuses to leave the Property after foreclosure or auction;

e. attorneys' fees and costs of suit, not as a personal judgment against the Defendant, but only as an additional debt secured by the Security Instrument; and

f. all other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: /s/ *Mark D. Cronenwett*
   **MARK D. CRONENWETT**
   Texas Bar No. 00787303
   mcronenwett@mwzmlaw.com

   **VIVIAN N. LOPEZ**
   State Bar No. PR20818
   vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Phone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**

PLAINTIFF'S ORIGINAL COMPLAINT
MWZM: 20-000104-126                                                                                          PAGE 7